**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JAMES A. TORCHIA, CREDIT NATION CAPITAL, LLC, CREDIT NATION ACCEPTANCE, LLC, CREDIT NATION AUTO SALES, LLC, AMERICAN MOTOR CREDIT LLC, AND SPAGHETTI JUNCTION, LLC,**<br><br>**Defendants.** | **Civil Action File No. 1:15-cv-3904-WSD** |

**RECEIVER'S EMERGENCY MOTION TO COMPEL REASSIGNMENT OF POLICIES OF CREDIT NATION CAPITAL, LLC INTO THE RECEIVERSHIP ESTATE AND BRIEF IN SUPPORT**

Al Hill, the Receiver ("Receiver") appointed in these proceedings, moves to compel the assignment of property of Credit Nation Capital, LLC ("CNC") into the receivership estate.

## FACTS

On April 25, 2016, the Receiver was appointed to marshal and preserve the assets of Credit Nation Capital, LLC, Credit Nation Acceptance, LLC, Credit

Nation Auto Sales, LLC, American Motor Credit, LLC, and Spaghetti Junction, LLC (collectively the "Defendants"). Specifically, as Receiver, Mr. Hill assumed control and operation of the Defendants and has "exclusive jurisdiction and possession of the Assets, and the property, real and personal, including cash, securities, receivables, and accounts, of Defendants." [Doc. 66 at page 75.]

As part of its business model, CNC purchased life insurance policies for the benefit of investors. A certain group of these investors purchased all or portions of life insurance policies from CNC (the "Indirect Investors"). However, this group of investors did not have their beneficiary interest in the policies fully recorded on the records of the insurer. Instead, either James Torchia ("Torchia"), Marc Celello ("Celello"), or Lee Berman ("Berman") is listed as the named owner and/or owner and beneficiary of the policies. A redacted list of the policies on which Torchia, Celello, or Berman are listed as the owner and/or owner and/or beneficiary of the policies ("Policies") on the records of the insurer is attached hereto and incorporated herein as Exhibit "A."

**It is not disputed by Torchia, Celello, and Berman that CNC is the owner of all the Policies on Exhibit A,** with the sole exception being Berman's

33.33 percent beneficiary interest in Banner Life policy number 180308844.[1] Torchia, Celello, and Berman do not claim to own any of the other policies referenced on Exhibit A in their own right; they all agree that CNC rightfully owns those policies.

According to agents of CNC, when CNC sold a policy or fraction of a policy to an Indirect Investor, it gave the Indirect Investor a certificate showing that the Indirect Investor was entitled to the agreed upon portion of the death benefit, but this certificate was not made known to the insurer. Upon information and belief, when the policy matured, the death benefit was paid to CNC, which in turn paid the specific portion of the death benefit to the Indirect Investor.

The Receiver has determined that listing Torchia, Celello, and Berman as owner and/or owner and beneficiary on the Policies is hampering his abilities to assume control and possession of the assets of CNC. The Receiver hereby requests that this Court direct Torchia, Celello, and Berman to assign all ownership interest and/or owner and beneficiary interest in the Policies to CNC.[2] The assignment will

[1] CNC records indicate that Berman paid for his fractional interest in the Banner Life policy and as a fractional interest holder, he is an Indirect Investor as the term is used in RECEIVER'S BRIEF TO THE COURT REGARDING LIQUIDATION PLANS [Doc. 81] and not a placeholder for CNC as to that policy.

[2] Except Berman's interest in the Banner Life policy. *See* FN1, above.

clear up any confusion the insurers may have concerning ownership of Policies and expedite a sale of the Policies in the future.

On May 12, 2016, the Receiver made a demand upon Torchia, Celello, and Berman for an immediate assignment of any individual interest in the Policies to CNC. The demand expired at the close of business on May 16, 2016. Celello specifically responded to the Receiver stating that due to objection by Torchia, he would assign his interests but only upon Court order. *See* letter from Celello to Receiver dated May 16, 2016, attached hereto as Exhibit "B."

Torchia declined to adhere to the Receiver's demand. *See* letter from James Johnson to Al Hill dated May 17, 2016, attached hereto as Exhibit "C." Mr. Berman did not respond.

Given Torchia, Celello, and Berman's failure to comply with the Receiver's demand, the Receiver respectfully requests that this Court grant this motion and order Torchia, Celello, and Berman to assign all ownership and all owner and beneficiary interest in the policies listed in Exhibit "A" to CNC (with the exception of Berman's 33.33% interest in the Banner policy.) The assignment proposed by the Receiver is attached hereto as Exhibit "D."

**LEGAL ARGUMENT AND CITATION OF AUTHORITY**

In managing a receivership, courts sit in equity. In shaping equity decrees, the court has broad powers and wide discretion. *See SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992) (the district court has broad powers and wide discretion to determine relief in an equity receivership); *see also SEC v. Drucker*, 318 F. Supp. 2d 1205, 1206 (N.D. Ga. 2004).

In *SEC v. Mutual Benefits Corp*. et al., Civil Action File No. 04-60573 CIV-Moreno at Doc. 48 (S.D. Fla. 2004), the receiver was granted the power to authorize all life insurance companies in which investors of the defendants had an interest to pay such benefits directly to the receiver. In addition, the receiver had the authority to direct all insurance companies to accept claim forms executed by the receiver in lieu of execution by any beneficiary. In *SEC v. Tyler*, Civil Action File No. 3-02-CV-282P, at Doc. 95 and Doc. 138 (N.D. Tex. 2003), the receiver asked and was granted permission to "transact the business of the policies," which allowed the receiver to file death claims, receive death benefits, and deal with insurance companies on issues impacting the policies. *See* Doc. 95 at page 7-8; see Doc. 138 at page 12-13.

The cases cited above stand for the proposition that the courts can effectuate broad remedies to accommodate receivers in their efforts to preserve and protect

receivership assets for the benefit of the investors. In the Opinion and Order (the "Order") [Doc. 66], this Court froze Defendants' assets and barred "Defendants and their officers, directors, agents, employees, servants, managers, general and limited partners, trustees, employees, attorneys and accountants, and all persons in active concern or participation with them" from disposing of the Assets. [Doc. 66, page 73-74.] The Order granted the Receiver "immediate and exclusive jurisdiction and possession of the Assets," *Id*. at 75, and empowered him to "take custody, control, and possession of all Assets," *Id*. at 77.

The Court specifically held and directed: "All persons and entities having control, custody, or possession of any Assets or documents relating to them are hereby directed to turn such property over to the Receiver . . . ." *Id*. at 77. Torchia, Celello, and Berman are in violation of this Court's Order by failing to assign over the Policies at issue.

For these reasons, the Court should compel the assignment of the Policies by Torchia, Celello, and Berman to CNC similar to the Assignment document attached as Exhibit D and execute any other document(s) as may be requested by any insurer to perfect an assignment of policies issued by them. As explained in prior filings, the Receiver intends to sell all policies of CNC. Listing Torchia, Celello, and Berman as "owner" and/or "beneficiary" of the Policies will frustrate

and, possibly, prohibit the sale to the detriment of all investors of CNC. Given that no one disputes that CNC is in fact the owner or beneficiary of these Policies, Torchia, Celello, and Berman have no basis whatsoever to refuse to make the assignment.

**CONCLUSION**

Wherefore, the Receiver respectfully request that this Court order the Policies of CNC held in the name of Torchia, Celello, and Berman be surrendered back into the name of CNC within one week of the date of entry of the Order.

Respectfully submitted, this 19th day of May, 2016.

*/s/ Amy K. Weber*
AMY K. WEBER
Georgia Bar No. 773736
aweber@taylorenglish.com
WILLIAM G. LEONARD
Georgia Bar No. 446912
bleonard@taylorenglish.com

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Telephone: (770) 434-6868
Facsimile: (404) 434-7376
*Receiver*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JAMES A. TORCHIA, CREDIT NATION CAPITAL, LLC, CREDIT NATION ACCEPTANCE, LLC, CREDIT NATION AUTO SALES, LLC, AMERICAN MOTOR CREDIT LLC, AND SPAGHETTI JUNCTION, LLC,<br><br>Defendants. | Civil Action File No.<br>1:15-cv-3904-WSD |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing RECEIVER'S MOTION TO COMPEL REASSIGNMENT OF POLICIES OF CREDIT NATION CAPITAL, LLC INTO THE RECEIVERSHIP ESTATE AND BRIEF IN SUPPORT with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

This 19th day of May, 2016.

*/s/ Amy K. Weber*

AMY K. WEBER
Georgia Bar No. 773736
aweber@taylorenglish.com