IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                       Plaintiff,<br><br>v.<br><br>JAMES A. TORCHIA, CREDIT NATION CAPITAL, LLC, CREDIT NATION ACCEPTANCE, LLC, CREDIT NATION AUTO SALES, LLC, AMERICAN MOTOR CREDIT, LLC, and SPAGHETTI JUNCTION, LLC,<br><br>                       Defendants. | 1:15-cv-3904-WSD |

**OPINION AND ORDER**

This matter is before the Court on the Receiver's Emergency Motion to Compel Reassignment of Policies of Credit Nation Capital, LLC into the Receivership Estate [109] ("Motion"). Al Hill, the Receiver ("Receiver") appointed in these proceedings, moves to compel the assignment of property of Credit Nation Capital, LLC ("CNC") into the receivership estate. The Receiver has shown that James Torchia ("Torchia"), Marc Celello ("Celello"), or Lee Berman ("Berman") are listed as the named owner, beneficiary, or both of certain policies listed in Exhibit A to the Receiver's Motion [109.1] (the "Policies"). The

Receiver has determined that listing Torchia, Celello, and Berman as owner, beneficiary, or both on the Policies is hampering his ability to assume control and possession of the assets of CNC pursuant to his duty to take "exclusive jurisdiction and possession of the Assets, and the property, real and personal, including cash, securities, receivables, and accounts, of Defendants."[1]  ([66] at 75).  To expedite sale of the Policies in the future, the Receiver requests the immediate assignment to resolve any confusion the insurers may have concerning ownership of the Policies.

The Court notes further that the records of insurers who issued the Policies listed on Exhibit A largely show Mr. Torchia as the owner and beneficiary of the policies, which puts at risk, or at least impedes, the availability of death benefits that may be payable under one or more of the Policies.  This risk includes the possibility of payment of benefits to Mr. Torchia if he remains the named beneficiary.  The risk of payment of benefits on policies owned by CNC to other

---

[1]   The Receiver has determined the assets of CNC are wasting assets.  The policies will become worthless if premiums are not paid.  CNC is without sufficient assets and cannot service the premium payments.  Therefore, the policies must be sold to third-parties who can pay the premiums and keep the life insurance policies in force.  After payment of expenses, the proceeds from the sale of policies will be applied, as available, for the benefit of investors and creditors of CNC.

2

than CNC is enhanced by Mr. Torchia's refusal to cooperate with the Receiver to control and manage the Policies at issue.

In managing a receivership, courts sit in equity. In shaping equity decrees, the Court has broad powers and wide discretion. See SEC v. Elliott, 953 F.2d 1560, 1566 (11th Cir. 1992) (the district court has broad powers and wide discretion to determine relief in an equity receivership); see also SEC v. Drucker, 318 F. Supp. 2d 1205, 1206 (N.D. Ga. 2004). Under the Court's April 25, 2016, Order [66], the Court granted the Receiver broad power to control the assets of CNC. The Receiver's request for an assignment of the Policies is in furtherance of those duties. It is not disputed by Torchia, Celello, or Berman that CNC is the owner of the Policies.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Torchia, Celello, and Berman shall, on or before May 25, 2016, execute an assignment to CNC of each of the Policies in substantially the form attached as Exhibit A to this Order, and shall execute any other document as may be requested by the Receiver or an insurer to perfect an assignment of the Policies to CNC and the Receiver.

**IT IS FURTHER ORDERED** that an assignment of Celello's 33.33 percent beneficiary interest in Banner Life policy number 180308844 is not required.

**SO ORDERED** this <u>19th</u> day of May, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE