IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff,

v.

JAMES A. TORCHIA, CREDIT
NATION CAPITAL, LLC, CREDIT
NATION ACCEPTANCE, LLC,
CREDIT NATION AUTO SALES,
LLC, AMERICAN MOTOR
CREDIT, LLC, and SPAGHETTI
JUNCTION, LLC,

Defendants.

1:15-cv-3904-WSD

## OPINION AND ORDER

This matter is before the Court on Katherine S. Addleman, Stephen

L. Corso, and Timothy A. Newman's (together, "Haynes and Boone") Renewed

Motion to Withdraw as Counsel of Record for James A. Torchia, Credit Nation

Capital, LLC, and the Other Defendants (together, "Defendants") [142] ("Second

Motion to Withdraw").

## I.    BACKGROUND

On May 12, 2016, Haynes and Boone filed their Motion to Withdraw [97]

("First Motion to Withdraw").  In it, they stated that Defendants are represented by

lead counsel James M. Johnson, and that withdrawal thus will not have a "material adverse impact on the Defendants' interests or delay the trial of this case." (Mot. to Withdraw at 2). Haynes and Boone stated that "[a] conflict has arisen, and the Defendants have failed to comply with the terms of their engagement with Haynes and Boone, LLP." (Id.). By "email and letter dated May 5, 2016, ["May 5th Notice"] Ms. Addleman informed Defendants that Haynes and Boone was terminating the representation of the Defendants and requested Mr. Torchia sign a Certificate of Consent to Withdrawal. Mr. Torchia failed to respond in any way to that communication." (Id.). On May 11, 2016, Haynes and Boone sent Defendants a second notice ("May 11th Notice") informing Defendants of Haynes and Boone's "intent to request permission to withdraw." (Id. at 3). A copy of the May 11th Notice is attached to Haynes and Boone's First Motion to Withdraw.

On May 13, 2016, the Court entered an Order [99] denying Haynes and Boone's First Motion to Withdraw. The Court noted that "[n]either the May 5th Notice nor the May 11th Notice complies with the requirements of Local Rule 83.1, because Haynes and Boone have not given Defendants fourteen (14) days prior notice of their intent to request permission to withdraw." (May 13, 2016, Order at 2-3).

On June 1, 2016, Haynes and Boone filed their Second Motion to Withdraw. In it, they state that they "have given the Defendants fourteen (14) days prior notice of our intention to request permission to withdraw" by notifying Defendants "in a letter dated May 11, 2016 that we intend to request permission to withdraw." (Second Mot. to Withdraw at 3). Haynes and Boone served the May 11th Notice on Mr. Torchia at his last known address on May 12, 2016, and via email to Mr. Torchia on May 11, 2016. (Id.). A copy of the May 11th Notice was attached to the Second Motion to Withdraw.

## II.    DISCUSSION

Under Local Rule 83.1(E)(2)(b), a motion to withdraw as counsel must "state that the attorney has given the client fourteen (14) days prior notice of the attorney's intention to request permission to withdraw." LR 83.1(E)(2)(b), NDGa. Such notice must be served upon the client "personally or at that client's last known address." Id.

Haynes and Boone have met the requirements of Local Rule 83.1(E)(2)(b) because they gave Defendants fourteen (14) days prior notice of their intent to withdraw, and served Mr. Torchia at his last known address. Haynes and Boone's motion is granted.

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Katherine S. Addleman, Stephen

L. Corso, and Timothy A. Newman's Renewed Motion to Withdraw as Counsel of

Record for James A. Torchia, Credit Nation Capital, LLC, and the Other

Defendants [142] is **GRANTED**.


**SO ORDERED** this 13th day of June, 2016.




_____

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE