IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

v.

JAMES A. TORCHIA, CREDIT
NATION CAPITAL, LLC, CREDIT
NATION ACCEPTANCE, LLC,
CREDIT NATION AUTO SALES,
LLC, AMERICAN MOTOR
CREDIT, LLC, and SPAGHETTI
JUNCTION, LLC,

          Defendants.

1:15-cv-3904-WSD

**OPINION AND ORDER**

This matter is before the Court on the Receiver's Emergency Motion to Compel Reassignment of Policies of River Green Capital, LLC into the Receivership Estate [263] ("Motion"). Al Hill, the Receiver ("Receiver") appointed in these proceedings, moves to compel the assignment of property of River Green Capital, LLC ("River Green") into the receivership estate.

The Receiver shows that Defendant James Torchia and Marc Celello are listed as the named owner, beneficiary, or both of certain policies listed in Exhibit A to the Receiver's Motion [263.1] (the "Policies"). On October 25, 2016,

the Court issued an order [253] expanding the Receivership to include the assets of River Green.  It is not disputed by Mr. Torchia and Mr. Celello that River Green is the owner of the Policies.  The Receiver has determined that listing Mr. Torchia and Mr. Celello as owner, beneficiary, or both on the Policies is hampering the Receiver's ability to assume control and possession of the assets of River Green.  The Receiver has requested Mr. Torchia and Mr. Celello to assign their Policy interests to River Green, and, to date, neither individual has complied.  The Receiver thus seeks an order requiring Mr. Torchia and Mr. Celello to assign their ownership and beneficiary interests in the Policies to River Green to "clear up any confusion the insurers may have concerning ownership of Policies and expedite a sale of the Policies in the future."  (Mot. at 3).

     The Court notes that the records of insurers who issued the Policies listed on Exhibit A largely show Mr. Torchia as the owner and beneficiary of the Policies, which puts at risk, or at least impedes, the availability of death benefits that may be payable under one or more of the Policies.  This risk includes the possibility of payment of benefits to Mr. Torchia if he remains the named beneficiary.  The risk of payment of benefits on policies owned by River Green to other than River Green is enhanced by Mr. Torchia's refusal to cooperate with the Receiver to control and manage the Policies at issue.

In managing a receivership, courts sit in equity. In shaping equity decrees, the Court has broad powers and wide discretion. See <u>SEC v. Elliott</u>, 953 F.2d 1560, 1566 (11th Cir. 1992) (the district court has broad powers and wide discretion to determine relief in an equity receivership); see also <u>SEC v. Drucker</u>, 318 F. Supp. 2d 1205, 1206 (N.D. Ga. 2004). Under the Court's April 25, 2016, Order [66], the Court granted the Receiver broad power to control the Receivership Assets. Under the Court's October 25, 2016, Order expanding the Receivership, the Receiver has control of River Green's assets. It is not disputed by Mr. Torchia or Mr. Celello that River Green is the owner of the Policies. The Receiver's request for an assignment of the Policies is in furtherance of the duties required of him by the Court's April 25, 2016, and October 25, 2016, orders.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant James Torchia and Marc Celello shall, on or before November 30, 2016, execute an assignment to River Green of each of the Policies in substantially the form attached as Exhibit D to the Receiver's Motion [263.1], and shall execute any other document as may be requested by the Receiver or an insurer to perfect an assignment of the Policies to River Green and the Receiver.

**SO ORDERED** this 23rd day of November, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE