IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>  v.<br><br>JAMES A. TORCHIA, CREDIT NATION CAPITAL, LLC, CREDIT NATION ACCEPTANCE, LLC, CREDIT NATION AUTO SALES, LLC, AMERICAN MOTOR CREDIT, LLC, and SPAGHETTI JUNCTION, LLC,<br><br>                Defendants. | 1:15-cv-3904-WSD |

**OPINION AND ORDER**

This matter is before the Court on Sonya Gravitt's Motion to Stay Pending Appeal [336] ("Motion to Stay").

**I.   BACKGROUND**[1]

On February 2, 2017, the Court issued an Order [327] ("Contempt Order") holding Gravitt in contempt of the Court's August 23, 2016, Order [206] ("August

---

[1] The Court here sets forth the facts pertinent to Ms. Gravitt's Motion to Stay. A more complete description of the facts underlying Ms. Gravitt's involvement in this action is set forth in the Court's February 2, 2017, Order [327].

23rd Order"). The Court required Gravitt to pay Receiver Al Hill's ("Receiver") attorneys' fees incurred in his attempts to enforce compliance with the August 23rd Order. The Court ordered:

> To purge herself of contempt, Gravitt shall, on or before 5:00 p.m. on February 6, 2017, (1) sign and transmit to the Receiver the assignment documents provided by the Receiver or pay the Receiver $1,439.79 in fictitious profits; and (2) pay the Receiver $12,304 in attorneys' fees. If Gravitt fails to purge herself of contempt on or before 5:00 p.m. on February 6, 2017, Gravitt is required to pay into the registry of the Court $500 per day until she purges herself of contempt. If Gravitt fails to purge herself of contempt on or before 5:00 p.m. February 13, 2017, the Court orders the United States Marshals Service to take Gravitt into custody, and Gravitt shall be incarcerated until she purges herself of contempt. In all cases, Gravitt is required to pay the Receiver the amount of $12,304 ordered by the Court to compensate the Receiver for having to pursue Gravitt's contempt.

(Contempt Order at 11-12).

On February 6, 2017, at approximately 4 p.m., Gravitt remitted a cash payment to the Receiver of $1,500.00. ([330] at 1). On February 7, 2017, at approximately 3:30 p.m., the Receiver received a certified check from Gravitt in the amount of $12,304.00. (Id.). The same day, Gravitt deposited $500.00 into the registry of the Court. (February 7, 2017, Docket Entry).

On February 10, 2017, Gravitt filed her Notice of Appeal [335] of the Court's Contempt Order. The same day, she filed her Motion to Stay. Gravitt seeks, pursuant to Rule 62 of the Federal Rules of Civil Procedure, a stay of the

enforcement of the Contempt Order pending the disposition of her appeal to the United States Court of Appeals for the Eleventh Circuit. Specifically, she seeks a return of "all purge[d] amounts paid by Ms. Gravitt pending appeal . . . ." (Mot. to Stay at 25).

## II.   DISCUSSION

As a rule, an appeal does not automatically stay the enforcement of a judgment. See Fed. R. Civ. P. 62. Federal Rule of Appellate Procedure 8 permits a party to apply to the district court for "a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1)(A).[2] Rule 62(d) provides that: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal."

---

[2]   The Court retains jurisdiction to grant a stay of its judgment, despite the filing of a notice of appeal. See Rakovich v. Wade, 834 F.2d 673, 674 (7th Cir. 1987) ("a notice of appeal does not deprive the district court of jurisdiction over a motion for stay of its judgment").

Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979).[3]

Here, because Gravitt already remitted to the Receiver and the registry of the Court the payments required under the Court's Contempt Order, issuing a stay would have no effect.  In other words, there is nothing to stay with respect to the Contempt Order, because Gravitt has already executed the requirements of the Contempt Order.  What Gravitt seeks, instead, is to undo her execution of the Contempt Order.  Gravitt does not provide any authority to support such a request.  To the contrary, courts have held that "[s]tays issued under Fed. R. Civ. P. 62(d) clearly do not have retroactive effect."  Hardwick v. Clarke, No. CIV. S-06-672 LKK, 2010 WL 5437196, at *3 n.1 (E.D. Cal. Dec. 27, 2010); see also Ribbens Intern., S.A. de C.V.v. Transp. Intern. Pool, Inc., 40 F. Supp. 2d 1141, 1144 (C.D. Cal. 1999) ("The absence of any reference to retroactive extinguishment of pre-existing execution efforts in Rule 62(d), in the context of this relatively detailed procedural scheme, further supports the conclusion that no such effect was intended."); Johns v. Rozet, 826 F. Supp. 565, 568 (D.D.C. 1993) ("any stay granted at this time would not have retroactive effect upon garnishment

---

[3]   In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

proceedings commenced prior to the stay."); Moore's Federal Practice § 62.03 (in the context of a stay issued under Fed. Rule Civ. P 62(d), "any execution had on the judgment before the stay becomes effective is not automatically set aside or rendered void even after the stay becomes effective").  Because there is no execution to stay, Gravitt's Motion to Stay is denied.[4]

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Sonya Gravitt's Motion to Stay Pending Appeal [336] is **DENIED**.

**SO ORDERED** this 2nd day of March, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[4] To the extent Gravitt also seeks a stay of "any other proceedings in connection with this action related to . . . Direct Investors[] and parties similarly situated pending the disposition" of the appeal, (Mot. to Stay at 1), Gravitt does not have standing to seek a stay on behalf of these individuals and entities.  It is also unclear what "other proceedings" Gravitt seeks to stay.