UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>JAMES A. TORCHIA,<br>CREDIT NATION CAPITAL, LLC,<br>CREDIT NATION ACCEPTANCE, LLC,<br>CREDIT NATION AUTO SALES, LLC,<br>AMERICAN MOTOR CREDIT, LLC,<br>and SPAGHETTI JUNCTION, LLC,<br><br>　　　　　　　　Defendants. | Civil Action File No.<br>1:15-cv-3904-WSD |

**CONSENT BIFURCATED JUDGMENT AS TO DEFENDANT JAMES TORCHIA**

The Securities and Exchange Commission having filed a Complaint and Defendant James Torchia having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Bifurcated Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant, his agents, servants, employees, attorneys, and all persons in active concert or participation with him are permanently enjoined from violating, directly or indirectly:

A.   Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(a), (b) and (c) promulgated thereunder [17 C.F.R. § 240.10b-5(a), (b) and (c)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

> (1)   to employ any device, scheme, or artifice to defraud, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or
>
> (3)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person by providing false or misleading information or omitting to provide material information to actual or prospective investors concerning the performance, return, existence, use or disposition of investor funds.

2

B.  Section 17(a)(1), (2) and (3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)  to employ any device, scheme, or artifice to defraud;

    (b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)  to engage in any transaction, practice, or course of business which operates or

       would operate as a fraud or deceit upon the purchaser; by providing false or misleading information or omitting to provide material information to actual or prospective investors concerning the performance, return, existence, use or disposition of investor funds.

C.  Defendants are specifically enjoined from making the representation and omissions identified in the Court's order of April 25, 2016 or representations and omissions regarding rates of return and Defendant's or his businesses' financial status in connection with the sale of securities based on sub-prime auto loans, life

insurance settlements, or the sale of fractional interests in life settlement contracts.

II.

The action between the Commission and Defendant James Torchia shall be administratively stayed until 30 days after the court-appointed receiver over the other Defendants in this action has obtained approval of a final plan for distributing the assets of the Defendants to investors.

III.

Upon motion of the Commission, the Court, or a magistrate judge should the parties consent to having such issue determined by a magistrate judge, shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and, if so, the amount(s) of the disgorgement and/or civil penalty.  If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from January 1, 2014, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the

Complaint; (b) Defendant may not challenge the validity of the Consent or this Bifurcated Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery for 90 days after the administrative stay has been lifted, including discovery from appropriate non-parties.  Any such discovery shall be limited to issues relevant to the determination of disgorgement and/or civil penalties.   The Commission shall file its motion to set monetary remedies within 30 days after the completion of such discovery.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Bifurcated Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

SO ORDERED this 17th day of March, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE