IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br>v.<br><br>JAMES A. TORCHIA, CREDIT NATION CAPITAL, LLC, CREDIT NATION ACCEPTANCE, LLC, CREDIT NATION AUTO SALES, LLC, AMERICAN MOTOR CREDIT, LLC, and SPAGHETTI JUNCTION, LLC,<br><br>     Defendants. | 1:15-cv-3904-WSD |

**OPINION AND ORDER**

This matter is before the Court on Receiver Al Hill's ("Receiver") Motion for Order for Assignment by Katherine and Richard Sutherland to the Receivership Estate [342].

The Receiver seeks an order requiring two Direct Investors, Katherine and Richard Sutherland, to assign their policies to the Receivership. The Sutherlands argue they have not been afforded due process. In <u>SEC v. Elliott</u>, 953 F.2d 1560 (11th Cir. 1992), the Eleventh Circuit explained:

Due process requires notice and an opportunity to be heard. Due process essentially requires that the procedures be fair. The process that is due varies according to the nature of the right and to the type of proceedings. In [Matthews v.] Eldridge, [424 U.S. 319, 335 (1976),] the Supreme Court applied a balancing test to determine what type of procedure was required. The Court looked at the strength of the private interest, the risk of erroneous deprivation, the probable value of additional or substitute safeguards, and the government interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requisites would entail." Generally, if government action will deprive an individual of a significant property interest, that individual is entitled to an opportunity to be heard. However, a hearing is not required if there is no factual dispute.

With these factors in mind, we must decide whether the summary procedure the district court used violated the appellants' due process rights. Rule 56 of the Federal Rules of Civil Procedure gives the district court summary jurisdiction over all the receivership proceedings and allows the district court to disregard the Federal Rules. The district court has broad powers and wide discretion to determine relief in an equity receivership. This discretion derives from the inherent powers of an equity court to fashion relief. In granting relief, it is appropriate for the district court to use summary proceedings.

The government's and parties' interests in judicial efficiency underlie the use of a single receivership proceeding. A summary proceeding reduces the time necessary to settle disputes, decreases litigation costs, and prevents further dissipation of receivership assets.

While the term "summary" connotes that the procedure was abbreviated, it does not mean that the parties received no procedure at all. We must look at the actual substance, not the name or form, of the procedure to see if the claimants' interests were adequately safeguarded. Summary proceedings are inappropriate when parties would be deprived of a full and fair opportunity to present their claims and defenses. The appellants must show how they were prejudiced by

the summary proceedings and how they would have been better able to defend their interests in a plenary proceeding.

Elliott, 953 F.2d at 1566-67 (citations omitted).

In Elliott, the receiver asserted fraudulent conveyance claims against several claimants, and the district court conducted summary proceedings to adjudicate those claims. The claimants appealed, arguing that the summary proceedings were inadequate. On appeal, the Eleventh Circuit found two claimants presented specific defenses to the fraudulent conveyance claims, and were denied an opportunity to present evidence to rebut the receiver's claim and to present their affirmative defenses. The Eleventh Circuit held that an evidentiary hearing was necessary to allow them the opportunity to present their defenses. Elliott, 953 F.2d at 1568.

The Court requires additional information to determine whether the Sutherlands have been afforded due process. Accordingly, the Receiver shall, on or before June 2, 2017, file its reply to the Sutherlands' Response brief [404]. The Court will then determine whether further proceedings are required.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Receiver shall, on or before June 2, 2017, file its reply to the Sutherlands' Response brief [404]. The Court will then determine whether further proceedings are required with respect to the Receiver's

Motion for Order for Assignment by Katherine and Richard Sutherland to the Receivership Estate [342].

**SO ORDERED** this 16th day of May, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE